UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES CLAIRMONT,

       Petitioner,

v.
                 9:12-CV-1022
                 (GTS/TWD)

J.T. SMITH, Superintendent of
Shawangunk Correctional Facility,

       Respondent.
_____

APPEARANCES:              OF COUNSEL:

JAMES R. CLAIRMONT, 09-A-2043
 Petitioner, *Pro Se*
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589

HON. ERIC T. SCHNEIDERMAN       PAUL B. LYONS, ESQ.
Attorney General for the State of New York   Assistant Attorney General
 Counsel for Respondent
120 Broadway
New York, New York 10271

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

    Currently before the Court, in this *habeas corpus* proceeding filed by James Clairmont ("Petitioner") pursuant to 28 U.S.C. § 2254, is the Report-Recommendation of United States Magistrate Judge Thérèse Wiley Dancks recommending that the Petition be denied and dismissed pursuant to 28 U.S.C. § 2253(c)(2), and that a certificate of appealability not issue. (Dkt. No. 22.) Petitioner has not filed an objection to the Report-Recommendation and the time in which to do so has expired. (*See generally* Docket Sheet.) For the reasons set forth below, Magistrate Judge Dancks' Report-Recommendation is accepted and adopted in its entirety; the Petition is denied and dismissed in its entirety; and a certificate of appealability shall not issue.

## I. RELEVANT BACKGROUND

For the sake of brevity, the Court will not repeat the factual background of Petitioner's 2009 conviction for three counts of Criminal Sexual Act in the First Degree, three counts of Sexual Abuse in the First Degree, and two counts of Assault in the Third Degree, but will simply refer the parties to the relevant portions of Magistrate Judge Dancks Report-Recommendation, which accurately recite that factual background. (Dkt. No. 22, at Part II.)

### A. Petitioner's Claims

Generally, in his Petition, Petitioner asserts the following three grounds for relief: (1) a claim that the prosecution adduced perjured material testimony from its main witness at trial in order to obtain a conviction, in violation of Petitioner's due process rights under the Fourteenth Amendment; (2) a claim that the prosecution allowed its main witness's perjured testimony to go uncorrected at trial, despite its professional obligation to correct the perjured testimony for the jury and court, in violation of Petitioner's due process rights under the Fourteenth Amendment; and (3) a claim that, because of the aforementioned violations, Petitioner's conviction was based on legally insufficient evidence with respect to the forcible compulsion element under N.Y. Penal Laws §§ 130.50(1) and 130.65(1). (Dkt. No. 1, at "Ground One" through "Ground Three.")

### B. Magistrate Judge Dancks' Report-Recommendation

Generally, in her Report-Recommendation, Magistrate Judge Dancks recommends that the Court dismiss Petitioner's claims for the following reasons: (1) Petitioner's perjured-testimony claim should be rejected because (a) he has failed to establish that inconsistencies in the testimony of the prosecution's main witness were wilfully perjurious, and (b) in any event, the inconsistencies in the testimony were disclosed to the jurors during trial; (2) Petitioner's

2

weight-of-the-evidence claim should be rejected because it is unexhausted and is not cognizable on habeas corpus review; and (3) Petitioner's legal-insufficiency claim should be rejected because testimony at trial by both the victim and medical personnel support the Appellate Division's finding that Petitioner acted with forcible compulsion. (Dkt. No. 22, at Parts V and VI.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard Governing Review of a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1).[1] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2]

---

[1] On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

[2] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. When performing such a "clear error" or "manifest injustice" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3] After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.  **Standard Governing Review of a *Habeas Corpus* Petition**

Magistrate Judge Dancks has recited the legal standard governing review of Petitioner's *habeas* petition pursuant to 28 U.S.C. § 2254(d), and the parties have not objected to that recitation. (Dkt. No. 22, at Part IV.) As a result, the recitation is incorporated by reference in this Decision and Order, which is intended primarily for review of the parties.

## III.    ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Dancks' Report-Recommendation, the Court cannot find any clear error in the Report-Recommendation: Magistrate Judge Dancks employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 22, at Parts V and VI.) As a result, the Court accepts and adopts Magistrate Judge Dancks' Report-Recommendation in

---

[3]  *See also Batista*, 1995 WL 453299, at *1 ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 22) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition (Dkt. No. 1) in this matter is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: September 15, 2015
       Syracuse, New York

                                                Hon. Glenn T. Suddaby
                                                Chief, U.S. District Judge